GERSHOM LAMBERT et al.

*v.*

LUTHER L. MILLER et al.

A court of equity will not assume jurisdiction of the sale of chattels for the
payment of creditors and encumbrancers having legal liens thereon, on the
sole ground that such a sale can be made more advantageously for all parties
as to price than it can be at law.

Motion for rehearing.

*Mr. L. H. Sergeant* and *Mr. C. A. Skillman,* for the motion.

*Mr. F. C. Lowthorp, Jr., contra.*

THE CHANCELLOR.

This matter comes before me on an application for a rehearing
of an order signed on an advisory certificate, appointing a
receiver to take into his possession and sell for the benefit of the
complainants' judgment creditors and the defendant Mrs. Miller,
prior mortgagee thereof, the goods and chattels levied upon
under executions on the judgments.    The bill was filed to set
aside the mortgage on the ground of fraud.    The findings are
that the allegations of fraud in the bill have all been fully met
and that as the case stands the mortgagee is entitled to her
money out of the mortgaged property, but that the interests of
the complainants should be protected in equity so far as to
restrain the mortgagee's trustee, to whom the mortgage was

made, from selling, and provide for making the sale under the direction of this court, because the property can be more advantageously sold by a receiver than it probably will be by the trustee, who is proceeding to sell on advertisement without suit for foreclosure. It is admitted that he is proceeding legally. The allegations of fraud being disposed of, the case on the findings presents the simple question whether the court will assume the sale of property for the payment of creditors or others having legal liens thereon, upon the sole ground that a sale can be made here more advantageously for all parties as to price than it can be at law. This court has no jurisdiction to interfere with legal proceedings on that ground alone. If it had, obviously almost every judicial proposed sale might be stayed in equity. The complainants' remedy in this case is to redeem the mortgage. The order in question will be vacated, with costs.